JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS Westgate Hill SNF LLC |
|---|---|
| Abdul Janneh | Christine O"Reilly,April Ball-Garham and Shontae Durieux |

**(b)** County of Residence of First Listed Plaintiff  Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Clinton L. Johnson
1010 West 7th St
Chester, Pa 19013 (610)874-1977

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 315 Airplane Product | Product Liability | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | Liability | ☐ 367 Health Care/ | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | Slander | Personal Injury | | PROPERTY RIGHTS | ☐ 450 Commerce |
| & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 345 Marine Product | Liability | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | Liability | PERSONAL PROPERTY | LABOR | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | Habeas Corpus: | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☒ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | IMMIGRATION | | |
| | Employment | Other: | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Civil Rights Act-2000e Title VII 28 U.S.C. 2201
Brief description of cause:
Employment wrongful discharge/ discrimination/retalation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

APR - 8 2015

DATE

SIGNATURE OF ATTORNEY OF RECORD
*Clinton L. Johnson*

J.T.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1513 Elmwood Avenue Apartment B#2, Folcroft, PA 19032

Address of Defendant: 2050 Old West Chester Pike, Havertown, PA 19083

Place of Accident, Incident or Transaction: 2050 Old West Chester Pk, Havertown Delaware County
(Use Reverse Side For Additional Space)

Pennsylvania, Eastern District of Pennsylvania-

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                    Yes☐ No☐

Does this case involve multidistrict litigation possibilities?                                               Yes☐ No☐

RELATED CASE, IF ANY:

Case Number: _____ N/A _____ Judge _____           Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                        Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                                        Yes☐ No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                                        Yes☐ No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
                                                                                        Yes☐ No☑

CIVIL: (Place ✔ IN ONE CATEGORY ONLY)

A. Federal Question Cases:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights/ personal Injury/Trepass
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) _____

B. Diversity Jurisdiction Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Clinton L. Johnson, Esq, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____                                        PA I.D. 27996
                                        Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____                                        PA I.D. 27996
                                        Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

APR - 8 2015

GP

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Clinton L. Johnson
~~Clinton L. Johnson~~, counsel of record do hereby certify:

o Pursuant to local Civil Rule 53.2, Section 3©(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

o Relief other than monetary damages is sought.

Date: 4/8/2015 _____     _____     27996 _____
                              Attorney-at-Law          Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: 4/08/2015 _____     _____     27996 _____
                              Attorney at Law          Attorney I.D. #



# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Abdul Janneh | : | CIVIL ACTION |
| v. | : | **15    2012** |
| Westgate Hill SNF LLC, ETAL | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (x )

| | | |
|---|---|---|
| April 15, 2015 | Clinton L. Johnson | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 874-1977 | (610) 874-5837 | Clintonjohnson1010@ comcast.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR - 8 2015





$400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

APR 0 8 2015

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

| | | |
|---|---|---|
| ABDUL JANNEH, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO.    15  2012 |
| | : | |
| WESTGATE HILL SNF LLC, | : | JURY DEMAND |
| Defendant | : | |
| | : | |
| and | : | |
| | : | |
| CHRISTINE O'REILLY, | : | |
| DIRECTOR OF NURSING, | : | |
| Defendant | : | |
| | : | |
| and | : | |
| | : | |
| APRIL BALL-GARHAM, | : | |
| Defendant | : | |
| | : | |
| and | : | |
| | : | |
| SHONTAE DURIEUX, | : | |
| Defendant | : | |

## COMPLAINT

Plaintiff, Abdul Janneh, , by and through his undersigned counsel, Clinton L. Johnson, brings

this action seeking relief from the employment discrimination of Defendants Westgate Hill SNF

LLC, Christine O'Reilly, Director of Nursing, and employees April Ball-Garham, and Shontae

Durieux, and makes the following allegations:

S

**I.**

## NATURE OF THE ACTION

1.      This action is brought by Plaintiff, ABDUL JANNEH (hereafter "Plaintiff") to redress

the continuing national origin/racial discrimination of Defendant, WESTGATE HILL (hereafter

"Westgate Hill"), by and through its employees Defendants CHRISTINE O'REILLY (hereafter

"Director O'Reilly"), Defendant, ARIL BALL-GARHAM (hereafter "Nurse Ball-Garham"), and

Defendant SHONTAE DURIEUX (hereafter "Nurse Durieux").

2.      As described in detail below, by and through employee Defendants, Westgate Hill, has

engaged in continued national origin and racial discrimination against Plaintiff, through the

articulation of persistent racist pejoratives and epithets, and retaliating against Plaintiff when he

exercised his constitutional right to lodge complaints about such conduct, proscribed under Title

VII.

3.      As a result of the Defendants' unlawful and discriminatory conduct and employment

practices, and violations of Plaintiff's rights protected by federal law, Plaintiff has been

wrongfully discharged from his employment.  Further, Westgate Hill was clearly negligent in

hiring and retaining employees who were predisposed to discriminatory conduct.  Defendants'

collective conduct constituted race/national origin discrimination, retaliation to wit: wrongful

discharge, hostile work environment, as well as the related state misconduct of negligent hiring.

4.      Accordingly this action is brought under the Civil Rights Act of 1964, 42 U.S.C. Section

2000e-16 et seq. as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat.

1071 (1991) (Title VII) , and the Declaratory Judgment Act, 28 U.S.C. Section 2201, *et seq.*

Plaintiff seeks backpay, front pay and compensatory damages, as well as a declaratory judgment

and injunction to restrain defendants from committing prohibited personnel practices, policies, customs and usages, from discriminating and retaliating against Plaintiff and other employees of Westgate Hill, based on race, national origin, and/or opposition to unlawful discrimination, retaliation, and hostile work environment.

## II.

### JURISDICTION AND VENUE

5.      The jurisdiction of this Court is based upon the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-16 *et seq.*, 28 U.S.C. Sections 1331, 1343, 2201, and 2202 which grant district courts jurisdiction over actions alleging unlawful and discriminatory employment practices.

6.      Venue is proper in this District by reasons of **28 U.S.C. Section1391(d)** because Defendant Westgate Hill is located within the District, and Defendants Director O'Reilly and Nurses Ball-Garham and Nurse Durieux are employees of Westgate Hill.

7.      Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5 as follows:

a.   Plaintiff filed a formal race and national origin discrimination with the Equal Employment Opportunity Commission [hereinafter referred to a E.E.O.C.];

b.   Plaintiff promptly and diligently accommodated all E.E.O.C. requests for information and fully cooperated with the agency's investigation of this matter.

c.   Plaintiff has exhausted all administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action, Plaintiff received a Right to Sue Letter from the E.E.O.C. on January 8 2015. No administrative

prerequisites are required before a Plaintiff files a complaint pursuant to the Civil

Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42

U.S.C. Section 1981.

### III.

### PARTIES

8.      The Plaintiff, Abdul Janneh, is an Sub-Saharan African Immigrant, who resides at 1513

Elmwood Avenue Apartment RA2, Folcroft, PA 19032.  Plaintiff has been employed as a

Licensed Practical Nurse at Westgate Hill, since August, 2007.

9.      The Defendant, Westgate Hill SNF LLC, is a rehabilitation and nursing center, located at

2050 Old West Chester Pike, Havertown, PA 19083.

10.      The Defendant, Christine O'Reilly is a white female, is an adult individual and citizen of

the United States, who resides in the Eastern District of Pennsylvania.  At all times relevant,

Director O'Reilly is employed by Westgate Hill in a supervisory capacity as the Director of

Nursing.

11.      The Defendant April Ball-Garham, is an adult individual and citizen of the United State,

who resides in the Eastern District of Pennsylvania.  At all times relevant, Nurse Ball-Garham is

employed by Westgate Hill in a supervisory capacity, as an LPN charge nurse.

12.      The Defendant, Shontae Durieux, is an adult individual and citizen of the United States,

who resides in the Eastern District of Pennsylvania.  At all times relevant, Nurse Durieu is

employed by Westgate Hill in a supervisory capacity, as the second unit manager.

4.

## IV.

## STATEMENT OF FACTS

13.     Plaintiff is a member of a protected group based on his race (Black) and national origin (Sub-Saharan Africa).

14.     Plaintiff has experienced national origin/racial discrimination, retaliation, wrongful discharge, and been exposed to a hostile work environment, stemming from the negligent hiring practices of Westgate Hill as set forth below:

15.     Sometime in late 2011, Defendant, Christine O'Reilly was hired as by Westgate Hill as Director of Nursing, following the recommendation of Defendant, April Ball Garham, Westgate Hill's LPN charge nurse.

16.     Westgate's hiring of Director O'Reilly was highly questionable, where Director O'Reilly had been fired by her previous employers, Brym Mawr Terrace, Atria Center City and Broomall rehab for falsification of documents and harassment.

17.     Shortly after being hired, Director O'Reilly fired LPN Ann Mundy, an immigrant, from her position of second floor unit manager, and replaced her with Nurse Durieux, an American citizen, who Director O'Reilly had worked with at each of her previous jobs, even though Nurse Durieux had no greater experience or credentials than Nurse Mundy.

18.     Following the hiring of Nurse Durieux, Director O'Reilly removed LPN Beacille Ege, an immigrant, from the 7 am to 3 pm second floor position, and replaced her with Nurse Ball-Garham, even though Nurse Ball-Garham had no greater experience or credentials than Nurse Beacille Ege.

19.     Nurse Durieux is the biological sister of Nurse Ball-Garham.

-5-

20.     During her tenure with Westgate Hill, Director O'Reilly has engaged in a pattern and practice of harassment, intimidation, threats and selective prosecution of foreign national employees.

21.     Plaintiff and other foreign national employees of Westgate Hill complained about the conduct of Director O'Reilly, through their union representative, on May 3, 2012 and May 4, 2012.

22.     After complaints were lodged against Director O'Reilly, Nurse Ball-Garham and Nurse Durieux falsely accused Plaintiff and other foreign national employees of allowing patients to remain saturated in urine, while lying in bed, without attending to their distress.

23.     Sometime in March or April, 2013, Plaintiff sent a confidential e-mail to Director O'Reilly, advising her that the wound team had applied the wrong wound to a patient's dressing.

24.     Director O'Reilly responded by violating Plaintiff's privacy by disclosing Plaintiff's complaint to the wound team, which resulted in Plaintiff being subjected to harassment by the wound team.

25.     Shortly, thereafter, on April 27, 2013, Director O'Reilly accused Plaintiff of not administering prescribed Advair to a resident.

26.     When Plaintiff protested his innocence and asked Director O'Reilly to check the video camera footage, Director O'Reilly refused.

27.     Director O'Reilly, Nurse Ball-Garham and Nurse Durieux have repeatedly told Westgate Hill residents that they hate Africans and that Africans stink.

28.     Fed up with the xenophobic and racist conduct of Defendants, Plaintiff wrote a grievance on October 17, 2013, and mailed a copy to the compliance unit located in Charlotte, North

-6-

Carolina.

29.     On October 23, 2014, Plaintiff was contacted by Administrator Herschel Schwartz, who told Plaintiff to call him back.

30.     Later that day at 4 pm, Plaintiff called Mr. Schwartz, who told Plaintiff to meet him later that evening at 6pm.

31.     Mr. Schwartz told Plaintiff that he was being suspended without pay, because his complaint had been observed all over his nursing station that day.

32.     However, Plaintiff could not have left his complaint at the nursing station, because Plaintiff had called in sick on October 22, 2013, and was not due to return to Westgate Hill until 11 pm that evening, October 23, 2013.

33.     Nurse Garham-Ball and Nurse Durieux were the only nurses that found Plaintiff's complaint at the nursing station.

34.     After being told by Plaintiff that he could not have put the complaint at the nursing station, because he was out sick, Mr. Schwartz reviewed the surveillance camera footage then called Plaintiff in for a meeting on November 7, 2013, while he was still suspended without pay.

35.     Mr. Schwartz acknowledged that Plaintiff could not have put the complaint at the nursing station, because he was out sick, then told Plaintiff that he reviewed the camera surveillance footage from October 21, 2013, which showed that he was using computers for personal use and distributing written materials in a resident care area.

36.     The surveillance cameras did not show Plaintiff venture anywhere near the nursing station.

37.     Nurse Durieux and Nurse Ball-Garham did not find Plaintiff's complaint on October 21,

-7-

2013 or October 22, 2013.

38.     Despite acknowledging that Plaintiff did not put the complaint at the nursing station, Mr.

Schwartz nevertheless fired Plaintiff for unauthorized use of a computer and distributing

materials at work.

39.     Prior to Director O'Reilly's tenure, Plaintiff had never been cited for any misconduct,

insubordination, or policy violations, while employed by Westgate Hill.

**V.**

**FIRST CAUSE OF ACTION**

**(UNLAWFUL DISCRIMINATION BASED ON RACE/NATIONAL ORIGIN)**

40.     Paragraphs 1 through 39 above are hereby incorporated by reference as though fully set

forth in this claim.

41.     Defendants have unlawfully discriminated against Plaintiff based on his race/national

origin (Black/Sub-Saharan African) in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. Section 2000e-16 *et seq.* as amended.

42.     Plaintiff is a member of a protected group based on his race/national origin (Black/Sub-

Saharan African).

43.     Defendants treated Plaintiff less favorably than similarly situated employees who are not

Black/Sub-Saharan African.

44.     Defendants have discriminated against Plaintiff in the terms and conditions of his

employment on the basis of his protected group status (Black/Sub-Saharan African), in violation

of Title VII.

-8-

45.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

damages as a result of Defendants' discriminatory practices unless and until the Court grants

relief.

## VI.

## SECOND CAUSE OF ACTION

### (UNLAWFUL DISCRIMINATION BASED ON RETALIATION)

46/      Paragraphs 1 through 45 above are hereby incorporated by reference as though fully set

forth in this claim.

46.      Defendant Westgate Hill, through its agents, has retaliated against Plaintiff by wrongfully

discharging him on the basis of his having filed a complaint against Director O'Reilly, Nurse

Durieux, and Nurse Ball-Garham, in violation of Title VII of the Civil Rights Act of 1964 , 42

U.S.C. Section 2000e-16 *et seq.* as amended.

47.      Defendant Westgate Hill, through its agents, including Nurse Durieux and Nurse Ball-

Garham, were aware of Plaintiff's complaint.

48.      Defendant Westgate Hill, through its agents, took adverse actions against Plaintiff,

including suspending Plaintiff without pay and terminating him from his position.

49.      Defendant Westgate Hill through its agents has a pattern or practice of abusing process

and procedures to punish employees for filing grievances and engaging in other protected

activity, in violation of Title VII.

50.      Defendant Westgate Hill's actions toward Plaintiff and other employees who engage in

51.      protected activity constitutes a violation of Title VII.

-9-

52.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

damages as a result of Defendants Westgate Hill's retaliatory practices unless and until the Court

grants relief.

## VII.

## THIRD CAUSE OF ACTION

## (UNLAWFUL DISCRIMINATION BASED ON HOSTILE WORK ENVIRONMENT)

53.     Paragraphs 1 though 52 are hereby incorporated by reference as though fully set forth in

this claim.

54.     Defendant Westgate Hill, through its agents, maintained a hostile work environment,

which subjected Plaintiff and other similarly situated Sub-Saharan foreign nationals to racial

epithets, intimidation, threats, harassment, and selective prosecution, in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. Section 200e-16 *et seq.*, as amended.

55.     As a Black/Sub-Saharan African, Plaintiff and other similarly situated employees, were

subjected to racial epithets, harassment, intimidation, threats and selective prosecution as a

protected class.

56.     Defendant Westgate Hill, through its agents, engaged in racial epithets, harassment,

intimidation, threats and selective prosecution, on a persistent, pervasive, and regular baisis.

57.     The discrimination practiced against Plaintiff and similarly situated employees would

clearly have detrimentally affected any reasonable person in Plaintiff's position.

58.     Finally, a respondeat superior relationship existed  between Defendant Westgate and

Defndants O'Reilly, Durieux, and Ball-Garham.

59.     The Hostile Work Environment which Plaintiff was immersed in as an employee of

-10-

Westgate Hill, violated Title VII.

60.    Plaintiff is suffering and will to continue suffer irreparable injury and monetary damage as a result of the hostile work environment imposed by Defendant Westgate Hill.

## VIIL.

## FOURTH CAUSE OF ACTION

## (NEGLIGENT HIRING AND SUPERVISION)

61.    Paragraphs 1 through 59 above are hereby incorporated by reference as though fully set forth in this claim.

62.    Clearly, Defendant Westgate Hill was negligent and reckless in hiring Director O'Reilly where she had been fired from three previous jobs for falsifying documents and harassment.

63.    Defendant O'Reilly not only engaged in racial epithets and falsely accused Plaintiff and other similarly situated employees of allowing residents to remain saturated in urine, without attending to them, but also hired Nurse Durieux and promoted Nurse Ball-Garhan, who planted Plaintiff's complaint at the nursing station, to falsely subject him to dismissal for disrupting the workplace through the distribution of documents.

64.    Clearly Defendant Westgate Hill was negligent in failing to adequately supervise Defendants O'Reilly, Durieux, and Ball-Garham, where Westgate Hill did not exercise ordinary care to prevent the tortious conduct of its misguided employees.

65.    Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Westgate Hill's negligent hiring and negligent supervision.

-11-

## IX.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Abdul Janneh, respectfully prays that this Honorable Court grant

the following relief:

1. Issue a permanent injunction:

   a. Requiring Defendants to abolish discrimination and reprisal;

   b. Requiring allocation of significant funding and trained staff to implement all changes within 6 months.

   c. Requiring removal or demotion of all managers who have violated the agency's policies and failed to meet their legal responsibility to promptly investigate complaints or to take effective action to stop and deter prohibited personnel practices against employees;

   d. Creating a process for the prompt investigation of harassment and reprisal complaints.

   e. Requiring the mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions;

2. Issue an order requiring Defendant Westgate Hill to retroactively restore Plaintiff to his former position as an LPN to which he is entitled by virtue of his qualifications and experience, and expunge his personnel file of all negative documentation.

3. For such damages, including back pay, front pay and benefits, overtime compensation as Plaintiff is entitled to under Title VII of the Civil Rights Act.

-12-

4.  An award to Plaintiff for exemplary and/or punitive damages in an amount to be shown at trial.

5.  An award for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(k), 42 U.S.C. Section 1981A, 42 U.S.C. Section 1988 and as provided under law;

6.  An award to Plaintiff of interst on any awards at the highest rate allowed by law; and

7.  Such other further relief as this Court deems just and appropriate.

PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW.

Respectfully submitted this _____ day of February, 2015.

Respectfully submitted:

_____
Clinton L. Johnson, Esquire
PA Supreme Court I.D. No. 27796
1010 West 7th Street
Chester, PA 19013
(610)874-1977
Fax: (610)874-5837
e-mail Clintonohnson1010@comcast.net

## VERIFICATION

I, _____Abdul Jennah_____ being duly sworn according to law, deposes and says that I am the ___Plaintiff___, that I make this statement on my behalf, being authorized so to do; and that the facts and information contained in the foregoing pleading are true and correct to the best of my knowledge, information and belief, and this statement is made subject to the penalties 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

Dated: January 8, 2015                    BY: _____