IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL JANNEH, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WESTGATE HILL SNF LLC et al., | : | No. 15-2012 |
| *Defendants*. | : | |

PRATTER, J.                                                                                          DECEMBER 18, 2015

## MEMORANDUM

### I.    INTRODUCTION

Abdul Janneh sued Westgate Hill SNF LLC, Christine O'Reilly, April Ball-Garham, and Shontae Durieux alleging various Title VII violations as well as a state law claim for negligent hiring and supervision lodged against Westgate Hill SNF LLC.  Defendants O'Reilly, Ball-Garham, and Durieux ("Individual Defendants") moved to dismiss Mr. Janneh's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6).  Because Mr. Janneh's Complaint fails to state a claim upon which relief can be granted, the Court will not address the Individual Defendants' arguments regarding a lack of service.  Mr. Janneh's claim against the Individual Defendants will be dismissed with prejudice.

### II.    FAILURE TO STATE A CLAIM

The Individual Defendants argue that Mr. Janneh's Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

1

rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

The only claim asserted against the Individual Defendants in Mr. Janneh's Complaint (Docket No. 1) is the "First Cause of Action," which alleges unlawful discrimination based on race and nationality in violation of Title VII of the Civil Rights Act of 1964. (Compl. 8).

However, "individual employees are not liable under Title VII." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc)); *Marion v. City of Phila./Water Dep't*, 161 F. Supp. 2d 381, 384 (E.D. Pa. 2001). Therefore, Mr. Janneh's Title VII claim against the Individual Defendants will be dismissed with prejudice.

### III. CONCLUSION

As to the Individual Defendants, Mr. Janneh's Complaint fails to state a claim upon which relief can be granted. Additionally, the Court finds that any amendment to the Complaint would be futile, as the Third Circuit Court of Appeals has held that there is no individual liability under Title VII. For the foregoing reasons, the Court grants the Individual Defendants' Motion to Dismiss the Complaint with prejudice.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE